Nott, J.,
dissenting:
I dissent from the conclusions of the court in this case, upon the following grounds:
I. The principal issue is between the claimants, Hall and Boach, and not between either of them and the Government. It is an issue between contending parties seeking the proceeds of the same captured property, but it must also be treated as an issue between master and slave in an action brought against the former to establish the freedom of the latter. When this suit was brought, all of the statutory means for establishing a slave’s right to freedom, according to the law of Mississippi, had virtually expired, and the question must now be determined collat *177 erally, for otherwise it cannot be determined at all. This court, having exclusive jurisdiction of these suits for the proceeds of captured property, and being by statute required to try the title of every claimant, must necessarily determine every matter upon which their rights depend, provided the matter cannot be determined in another tribunal.
II. The uncontradicted evidence in the case establishes the fact that Hall was a free man residing in Virginia. At an early age he was reduced to slavery. On the one hand, it is not shown that he was, or could have been, lawfully reduced to a state of involuntary servitude ; on the other, it is not possible for him to show the manner in which he was kidnapped or abducted. His own testimony was indeed offered for that purpose, but was rejected by the court as coming within the prohibition of the Act June 25, 1868, (15 Stat. L., p. 75, § 4.) The legal presumption, therefore, must be that he was unlawfully and against his will abducted and taken to Mississippi, and there unlawfully detained in bondage. By such involuntary and unlawful servitude he lost none of his rights, and was free to assert and establish them at whatever time and in whatever manner he deemed most judicious. The legal fact of his right to freedom being judicially determined, the decree, on well-established principles, generally if not universally acknowledged iu the Southern States, relates back to the time when he was unlawfully reduced to servitude.
III. Assuming that Hall was free, and that this court has jurisdiction to inquire into and determine legally that fact, I think it must beheld that Roach could treat him as a freeman, and that, as between them, he could acquire a title to this prop-
ty. The statutes of Mississippi to the contrary must be con- • fined in their operation to the citizens and inhabitants of that State, and cannot be extended to a citizen of Virginia, who, as a freeman in Virginia or as a freeman in Mississippi, could purchase and acquire a right to property. If it was the purpose of the laws of Mississippi to allow a man to be held unlawfully in shivery, or to allow a freeman of Virginia to be debarred of his legal rights under the guise of a public policy for the fostering of slavery; it was a purpose which the courts of the United States cannot carry into effect.
IV. As to the title of Hall, it depends upon the same question. If he. was free, and a decree to that effect is to relate back to the time vlien he was unlawfully enslaved, the law will not inquire *178 as to the title of personal property which came into his possession during his state of illegal servitude. His possession was not constructive possession for the master, but actual possession _ for himself. The subsequent possession by the Government was but continued possession for Hall as his trustee. He held the property till capture, and then the Government came and continued the possession for him, so far as possession involved legal rights. Boach never, in contemplation of law or in fact, has disturbed the status of the property since Hall acquired possession. Therefore it is to be considered as property in Hall’s-possession, whenever a decree is rendered declaring him .to have been free,and where the law finds the property then, there it leaves-it. Boach, under the law of Mississippi, might have had a legal right to retake the property while Hall was still in his possession as a presumed slave, and this court could not then, perhaps, have regarded,the taking as void; but he cannot retake it after a decree has passed declaring that the presumed slave was-free when he acquired the property.